ESTATE OF SALOFI SOTOA, Appellant

v.

UIVA TE'O, Appellee

High Court of American Samoa
Appellate Division

AP No. 21-87

October 21, 1988

Before KING*, Acting Associate Justice, KAY**, Acting Associate Justice, LUALEMAGA, Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Appellant, Charles Ala'ilima
         For Appellee, Togiola T.A. Tulafono


Per Curiam:

Appellant Sotoa appealed from the decision of the Land & Titles Division in LT No. 40-82 which enjoined appellant from going onto land awarded appellee in Te'o v. Fanene, et al., LT No. 73-77 (decision and judgment in consolidated cases rendered December 13, 1977) and affirmed in Te'o v. Fanene, AP No. 13-78 (decision rendered February 21, 1980). We find there is substantial evidence to support the lower court's holding that the

---

* Honorable Samuel P. King, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Alan C. Kay, Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

decision in LT No. 73-77 operated as res judicata against appellant Sotoa, that appellee Te'o did not abandon his claim to the subject land by his withdrawal of application to register this land, and that no subsequent settlement was agreed to between appellant and appellee. Accordingly, we affirm.

In 1982, appellee Te'o filed an action, claiming appellant Sotoa and his family were trespassing on appellee's land. Sotoa, a legal practitioner, claimed he owned the land. Prior to the resolution of the action, Sotoa died and his estate was substituted.

In 1987, the trial court issued an order enjoining Sotoa's estate and its agents and representatives from going onto the land. The court based its order on a 1977 decision in LT No. 73-77 which awarded the land in dispute, except for a strip of land approximately fifty feet wide, to Te'o.

The 1977 case was a consolidation of thirteen separate claims to an area of land which included the land now in dispute. In that 1977 case, Sotoa did not contest Te'o's claim to the land currently in dispute.

The 1977 decision was appealed. The portion of the trial court's judgment awarding the presently disputed land to Te'o was not appealed by any party.

On January 12, 1979, after that appeal had been docketed in the Appellate Division, the trial court issued an order stating that it, sua sponte, had reopened the case to view once again the land which is the subject matter of the dispute.

The judgment in the consolidated cases was affirmed on appeal in Te'o v. Fanene, AP No. 13-78 (decision rendered February 21, 1980).

After the appellate court's decision, the trial court held a conference to carry out the judgment, more particularly, the filing of amended maps and descriptions with the court and the Territorial Registrar. At this conference, Sotoa told the court that he and Te'o had agreed on a change in their mutual boundaries. The court ordered the parties to file an amended map and

167

description of the lands awarded them in the decision.

Two months later, the court held another conference. After the conference, the court found that the lands in the southwest corner which have been determined to be the property of Uiva Te'o had been included in the map presented by Sotoa. This was described as a matter in contention. The court ordered that a hearing be scheduled to resolve this and other disputes. There is no evidence any hearing was held.

Sotoa than ordered a survey of the disputed tract, intending to offer it for registration. Te'o obtained a copy of this survey and offered it for registration in his own name early in 1981. Sotoa filed an objection.

In accordance with the statutory procedure for objections to the registration of land, the dispute was referred to the Office of Samoan Affairs. At the conclusion of a meeting held at the Office of Samoan Affairs on or about October 20, 1981, Te'o signed a statement saying that he withdrew his registration.

Appellant submitted the transcript of the 1982 preliminary injunction hearing into evidence. Appellant claims he submitted this transcript only in anticipation of using it for impeachment purposes. He now claims the court erred in using this transcript to make its factual determinations. Appellant cites no authority to support this assertion.

Appellee points out that the transcript was part of the evidence. Appellee claims that appellant did not introduce the transcript for impeachment purposes, but rather introduced it in response to the court's request for information that would aid the court in determining the claim made by appellant that appellee had waived his claim to the land.

Appellant does not challenge appellee's authorities nor does he cite any authorities to support his claim. When these failures are considered in conjunction with the fact that appellant himself introduced the transcript into evidence, his claim must fail.

We further concur with the lower court's rulings that:

(1)   The award of this land to Te'o in  LT No. 73-77 was  not appealed, and therefore the judgment became res judicata against the Sotoas.

(2)   The trial  court had  no jurisdiction to reopen the  award of  the land  to Te'o, nor did it purport to do so.  The original judgment, which was ambiguous  in  some  respects, was unambiguous with regard to this land.  In April 1980  this tract was added  to  the  list  of  matters  that  might  be readjusted solely because Sotoa  represented to the Court  that  he  and  Te'o  had  entered a property settlement  agreement  whereunder  Sotoa  would  be given  this  land.   The record reflects the trial court felt no agreement was reached.

(3)   The document Te'o signed did not withdraw his  claim  of  ownership  of  the land, but merely withdrew the offer of  registration.   The decision in LT No. 73-77 had already vested title in him.

(4)  Finally, a settlement of a claim that had already been litigated,  purporting  to  adjust the boundaries  set  by  the  court's  judgment,  would ordinarily have been submitted to the court for its approval,  and  the  court  in  1980  seems to have ordered just that.